UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                              Civil No. 10-cv-308-JD
                                                                     Opinion No. 2010 DNH 140C

C. Gregory Melick

O R D E R

The government petitioned, under 26 U.S.C. §§ 7402(b) and 7604(a), to enforce an Internal Revenue Service summons against C. Gregory Melick. The court ordered Melick to appear before the magistrate judge to show cause why he should not be compelled to obey the IRS summons. Melick filed a motion to dismiss the petition for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, insufficient process, insufficient service of process, duress, estoppel, laches, and failure to state a claim upon which relief may be granted. Doc. no. 4. Melick received a copy of the order to show cause but refused to accept it. He also failed to appear at the show cause hearing, and he filed a second motion to dismiss, for lack of jurisdiction. Doc. no. 6.

The magistrate judge issued a report and recommendation that Melick be ordered to obey the IRS summons and that his first motion to dismiss be denied. The magistrate judge also recommended that the government be awarded its costs.

Background

The facts are taken from the government's petition and its attachments. The IRS has been investigating the collection of Melick's tax liability for the year ending December 31, 2003. The IRS seeks Melick's testimony and documents within his control regarding the investigation. On February 26, 2010, an IRS summons was issued, directing Melick to appear before an IRS officer on March 16, 2010, to testify and to produce for examination certain records and data. Melick was served with the summons on March 2, but he did not comply with it.

IRS Revenue Officer Sonia Cryan, who was investigating Melick's case before her retirement from the IRS, submitted a declaration stating that she issued and served the administrative summons.[1] She also stated that the books, papers, records, and data described in the summons are not in the possession of the IRS, that all administrative steps required by the Internal Revenue Code for issuing a summons have been taken, and that it is necessary to obtain the testimony and data sought to complete a Collection Information Statement concerning Melick's federal tax liability for the period(s) ending December 31, 2003.

---

[1] Internal Revenue Officer David Kalinowski is now responsible for the investigation of Melick's tax liability.

Melick filed a motion to dismiss, to which the government objected.  The petition and the motion were referred to the magistrate judge, who issued a report and recommendation on July 8, 2010.  Just before the report and recommendation was issued, Melick filed a second motion to dismiss, challenging the court's jurisdiction.  The government again objected.

On July 12, Melick filed a notice of a change of address, informing the court that his mailing address is P.O. Box 422, Chocorua, New Hampshire.  Melick also stated that he might return mail addressed to the wrong party or sent to a different address.  On July 23, Melick filed a second notice of change of address, stating that his correct mailing address is "Charles Gregory Melick, Sui Juris, c/o P.O. Box 422, Chocorua [03817-0422], New Hampshire, U.S.A."  Doc. no. 12.  Melick said again that mail addressed to another name or to an address other than the one given would not be "received or accepted" by him.  Id.  On August 5, Melick filed a third notice of change of address, in which he provided a new mailing address, a post office box in North Conway, New Hampshire.  Doc. no. 15.

The magistrate judge recommended that Melick's first motion to dismiss be denied, that the government's petition be granted, and that the government be awarded its costs.  Neither party filed an objection to the report and recommendation.

I.  Report and Recommendation

Where "a magistrate judge passes upon a dispositive motion, he or she may only issue a recommended decision. . . . Absent a timely objection, the recommended decision ripens into an order." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010).  Neither party filed an objection to the magistrate judge's report and recommendation addressing Melick's first motion to dismiss and the government's petition.  It is herewith approved.[2]

II.  Second Motion to Dismiss

Melick's second motion to dismiss raises many of the same theories as his first motion.  He argues that the court lacks personal jurisdiction over him and subject matter jurisdiction

---

[2]In his first motion to dismiss, Melick took issue with the show cause order's caption, in which he was named "C. GREGORY MELICK," rather than "C. Gregory Melick."  Similarly, Melick objects to the use of his Social Security number and to mail being sent to his home address, as opposed to a post office box, or addressed to him without the suffix "Sui Juris."  The court notes his preference for mail to be sent to a post office box, and accordingly his address has been changed on the docket.  The remainder of Melick's objections are without merit.  Melick is advised that he is deemed to have received copies of documents from the court or the government upon mailing to his last known address.  Because this court has jurisdiction over him, as discussed below, he must comply with all orders of the court.  If he chooses not to open his mail, or to return it to this court, he does so at his own peril.

4

over this proceeding.  He also appears to raise a number of substantive arguments regarding the legality of federal taxation.  Relying in part on its objection to Melick's first motion to dismiss, the government again objects.


### A. Personal Jurisdiction

"To hear a case, a court must have personal jurisdiction over the parties, that is, the power to require the parties to obey its decrees."  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002) (internal quotation marks omitted).  "The plaintiff bears the burden of proving the court's personal jurisdiction over a defendant." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (internal quotation marks omitted).  When the motion to dismiss is decided without an evidentiary hearing, "the plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant."  Levesque v. Fletcher Allen Health Care, No. 09-cv-55-SM, 2009 WL 4547744, at *1 (D.N.H. Nov. 30, 2009) (citing United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir. 1993)).  The court must "accept the plaintiff's (properly documented) evidentiary proffers as true, and construe those facts in the light most congenial to the plaintiff's jurisdictional claim."  Hannon, 524 F.3d at 279

(internal quotation marks omitted).  The court also considers any uncontradicted facts adduced by the defendant.  Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

"An exercise of jurisdiction must be authorized by state statute and must comply with the Constitution."  Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).  Because New Hampshire's long-arm statute permits a court to exercise jurisdiction to the same extent as the Constitution, the only inquiry that remains is what the Constitution permits.  Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999).

General personal jurisdiction, as opposed to specific personal jurisdiction, "broadly subjects the defendant to suit in the forum state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum."  Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010) (internal quotation marks and citation omitted).  "[A] court is precluded from asserting jurisdiction unless 'the defendant's conduct and connection with the forum State are such that [he] should reasonably anticipate being haled into court there.'"  Id. at 32 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  "To justify the exercise of general

jurisdiction, (1) the defendant must have sufficient contacts with the forum state, (2) those contacts must be purposeful, and (3) the exercise of jurisdiction must be reasonable under the circumstances." Cossaboon, 600 F.3d at 32.

In its petition, the government stated that, "[u]pon information and belief, . . . Melick resides or is found at 11 Runnells Hall Road, Chocorua, New Hampshire 03817."  Doc. no. 1 at ¶ 3.  The petition was served on Melick at the same address, which was his "last and usual place of abode."  Doc. no. 1, Exh. A & B.  The government certified that Melick was served, by giving the documents in hand, with a copy of the petition, the order to show cause, and other documents at 11 Runnells Hill Road in Tamworth, New Hampshire.[3]  Doc. no. 3.  Moreover, Melick's first motion to dismiss listed his address as 11 Runnells Hall Road, Chocorua, New Hampshire, and his declaration of service stated that he was "from Chocorua, New Hampshire."  Doc. no. 4 at 1, 54, 55.  Melick does not deny that he resides at that address; rather, he makes legal arguments regarding the limits of federal jurisdiction.

---

[3]The variation between Runnells <u>Hall</u> and Runnells <u>Hill</u> appears to be a typographical error.  Chocorua and Tamworth are neighboring towns in central New Hampshire.  See Google Map of 11 Runnells Hall Road, Chocorua, NH, http://maps.google.com/maps?hl=en&tab=wl (last visited Aug. 3, 2010).

It is undisputed that Melick resides in New Hampshire, and he suggests no other facts that would indicate that he is domiciled elsewhere. "Domicile in the state is alone sufficient to bring a[] . . . defendant within the reach of the state's jurisdiction for purposes of a personal judgment." Milliken v. Meyer, 311 U.S. 457, 462 (1940). This court has personal jurisdiction over Melick.

### B. Subject Matter Jurisdiction

"Federal courts, as courts of limited jurisdiction, must be scrupulous in applying the tenets that define the limits of their subject matter jurisdiction." U.S. ex rel. Ondis v. City of Woonsocket, 587 F.3d 49, 54 (1st Cir. 2009) (internal quotation marks and citation omitted). "The proponent of federal jurisdiction bears the burden of proving its existence by a preponderance of the evidence." Id.

Melick does not state any facts or otherwise introduce evidence to suggest that this court lacks subject matter jurisdiction. Rather, he argues that the "United States" only encompasses the District of Columbia, he is not domiciled there, he does not engage in any activity within the jurisdiction of the federal government--which, he argues, exists only within Washington, D.C., and he does not hold any federal public

office.[4]  The government counters that the court has jurisdiction under 26 U.S.C. § 7604.

Section 7604(a) provides that, "[i]f any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."  The same language is repeated in 26 U.S.C. § 7402(b).

---

[4] Melick also argues that the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, strip the court of subject matter jurisdiction.  Without further citations, he contends that the two statutes, read together, stand for the idea that, "[i]f there isn't a specific waiver of immunity within 26 USC then the federal district courts can't grant the relief requested."  Doc. 8 at 15.  Melick is incorrect.  Section 7421 prohibits any "suit for the purpose of restraining the assessment or collection of any tax."  This case is nearly the opposite: the IRS is seeking to determine Melick's tax liability, and Melick is attempting to restrain the investigation.  Section 7421 is plainly inapplicable.

Similarly, the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," except in most cases involving federal taxes.  28 U.S.C. § 2201.  The Declaratory Judgment Act is inapplicable because no declaratory judgment is sought in this case.  Unlike Fogel v. United States, No. 00-CV-2293-J (LSP), 2001 WL 306496, at *1 (S.D. Cal. Feb. 6, 2001), on which Melick relies, no party in this case is seeking a declaratory judgment that he is not required to file U.S. taxes.

Sonia Cryan served Melick with a summons "[i]ssued under authority of the Internal Revenue Code," which required that Melick appear before Cryan "to give testimony and to bring for examination . . . [a]ll documents and records [he] possess[es] or control[s] regarding" his assets and liabilities. Doc. no. 1, Exh. A & B.  As discussed above, Melick resides and was found in New Hampshire.  Therefore, under sections 7604(a) and 7402(b), this court has jurisdiction to enforce the IRS summons in this proceeding.

C.   Legality of Federal Taxation

Although Melick denominates his motion as one to dismiss for lack of jurisdiction, he also attacks the jurisdiction of the IRS and the legality of imposing federal taxes against him.  To the extent Melick intended to raise these as grounds for dismissal, the court will not address them on the merits.  The government's petition seeks only to enforce an IRS summons, and in such a proceeding, the court's function is "to assess within the limits of [U.S. v.] Powell[, 379 U.S. 48 (1964)] whether the IRS issued its summons for a legitimate tax determination purpose." Sugarloaf Funding, LLC v. U.S. Dep't of the Treasury, 584 F.3d 340, 347 (1st Cir. 2009).  Arguments regarding the propriety or

legality of the tax itself are not relevant at this stage.[5]

## Conclusion

For the foregoing reasons, the government's petition (doc. no. 1) is granted and Melick's motions to dismiss (doc. nos. 4 and 8) are denied.

C. Gregory Melick is hereby ordered to obey the IRS summons and is ordered to appear August 20, 2010, at 9:30 a.m. at 80 Daniel Street, Portsmouth, New Hampshire 03802, before Revenue Officer David Kalinowski (or any other authorized Revenue Officer of the IRS), to give testimony and produce all books and records in Melick's possession or control required and called for by the terms of the summons of February 26, 2010.

Costs are awarded to the government.

This order shall be served in hand on C. Gregory Melick by the United States Marshall or his deputy and a return of service shall be filed with this court.

SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

August 6, 2010

---

[5] As explained in the report and recommendation, the government has satisfied the Powell test and Melick has not effectively rebutted the government's showing.

cc: Gretchen Witt, Esquire
    C. Gregory Melick, pro se