UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States

v. Civil No. 10-cv-00308-JD

C. Gregory Melick

O R D E R

The government petitioned, under 26 U.S.C. §§ 7402(b) and 7604(a), to enforce an Internal Revenue Service summons against C. Gregory Melick, a/k/a Charles Gregory Melick. On February 14, 2011, Melick failed to appear to show cause why he should not be compelled to obey the IRS summons. The court issued a bench warrant on February 15, 2011, for Melick's arrest. Since the bench warrant issued, Melick, who is proceeding pro se, has made several filings but remains at large. On July 15, 2011, Melick moved to dismiss the government's petition. The government moves to strike Melick's motion to dismiss under the fugitive disentitlement doctrine. Melick opposes the motion.

Background

The IRS seeks Melick's testimony and documents within his control in connection with its investigation of Melick's 2003 tax liability. On February 26, 2010, an IRS revenue officer served a summons for C. Gregory Melick to appear at the IRS's office in

Laconia, New Hampshire, on March 16, 2010, to testify and produce all documents or records in his possession or control regarding "assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest" for the period from September 1, 2009 to February 25, 2010. Melick failed to appear pursuant to the summons.

On May 11, 2010, the government filed a petition in this court to enforce the IRS summons. On May 17, the court issued an order for Melick to show cause why the petition should not be granted and scheduled a hearing for July 7, 2010, before the magistrate judge. On May 24, a deputy sheriff with the Carroll County Sheriff's Office served Melick with the May 17 show cause order at Melick's Tamworth, New Hampshire, home.

In response to the order, on June 2, Melick filed a motion to dismiss under Federal Rule of Civil Procedure 12(b), alleging, inter alia, lack of personal and subject matter jurisdiction. He also claimed that process and service of process were inadequate. The government objected. On July 6, Melick returned the show cause order, petition, and exhibits to the court, with a note the order had been refused for insufficient process, lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

Melick did not appear at the July 7, show cause hearing. On July 6, he filed a second motion to dismiss, again challenging the court's jurisdiction and asserting the same arguments he had made in his first motion to dismiss. The government again objected. On July 8, the magistrate judge recommended that Melick be ordered to obey the summons and that his June 2 motion to dismiss be denied. The magistrate judge also recommended that the government be awarded its costs. The court mailed the report and recommendation to Melick at his home address.

On July 12, 2010, Melick filed a notice of a change of address, informing the court that his mailing address was P.O. Box 422, Chocorua, New Hampshire. Melick stated that he might return mail addressed to the wrong party or sent to a different address. The court resent the magistrate judge's report and recommendation to the P.O. Box address.

On July 23, Melick filed a second notice of change of address, stating that his correct mailing address was "Charles Gregory Melick, Sui Juris, c/o P.O. Box 422, Chocorua [03817-0422], New Hampshire, U.S.A." Doc. no. 12. Melick again said that mail addressed to another name or to an address other than the one given would not be "received or accepted" by him. Id.[1]

---

[1]Melick also sent a letter purporting to notify the court that the government had defaulted on its claims and thus that the

On July 30, the court sent Melick the report and recommendation for the third time. The court noted that Melick had returned mail sent to both his post office box and his street address and that the court had called the U.S. Post Office to confirm his address.[2] On August 5, Melick filed a third notice of change of address, in which he provided a new mailing address, a post office box in North Conway, New Hampshire. The court sent the report and recommendation to the North Conway address.

On August 6, 2010, the court denied Melick's motions to dismiss, approved the magistrate judge's report and recommendation, granted the government's petition to enforce the IRS summons, and awarded costs to the government. The court ordered Melick to appear before an authorized Revenue Officer of the IRS at the IRS's Portsmouth, New Hampshire, office on August 20, 2010, at 9:30 a.m., to give testimony and produce the books

---

court had "substantial grounds to dismiss the motion and vacate the order. . . ." In his response on July 30, the Chief Deputy Clerk informed Melick that the court would not act upon his letter request because it was not in the form of a formal pleading, as required by the Federal Rules of Civil Procedure and local rules.

[2]Three days after the magistrate judge's report and recommendation was approved, the July 30 copy of the report and recommendation was returned to the court with the "Refused" notation checked.

and records called for by the February 26, 2010, summons. Melick was served in hand on August 19, 2010.

Melick failed to appear at the IRS office on August 20, 2010, in response to the court's order. Three hours after his ordered appointment, Melick left a telephone message with the Taxpayer Walk-in Service that he would need to reschedule his appointment. On September 6, Melick wrote a letter to the IRS indicating that he expected to provide the 2003 information within thirty days. On September 13, Revenue Officer David Kalinowski contacted Melick, who told Kalinowski that he had hired an accountant to prepare a substitute tax return for 2003. The IRS did not receive any responsive paperwork with regard to Melick's 2003 tax liability within thirty days.

On November 17 and 23, 2010, Revenue Officer Kalinowski attempted to contact Melick by telephone to determine whether he still intended to comply with the court's order. On both occasions, he received no answer and left messages on Melick's answering machine asking him to return the call. Melick did not return Kalinowski's calls.

On December 16, 2010, the government moved to hold Melick in civil contempt. In response, the court ordered Melick to show cause in court on February 14, 2011, at 10 a.m., as to why he should not be held in contempt of the court's August 6, 2010,

enforcement order. The court specifically warned Melick that if he did not appear for the hearing, a warrant would issue for his arrest. Deputy U.S. Marshal Paul Schmieder personally served Melick with the show cause order and related documents on February 3, 2011.

On February 11, 2011, Melick mailed a 14-page "warning notice" to the district court in which he claimed that the court and judge were "imposing provisions of a contract counter to public morals." He attached a copy of the court's January 14 show cause order, demonstrating that he was well aware of the order. Melick failed to appear for the February 14 show cause hearing. The government asked for a bench warrant for Melick's arrest. The court issued a bench warrant on February 15, 2011. Melick, however, has not turned himself in and continues to evade arrest.

In June of 2011, ten individuals who were not parties or counsel in this case attempted to file a "Petition for Redress of Grievances in Support of Motion to Dismiss" and an "Order for Dismissal with Prejudice" on Melick's behalf. On June 21, 2011, the court rejected the papers. The order that rejected the filings stated that Melick was subject to an outstanding bench warrant for his arrest and that he remained at large.

Melick then sent the same "Petition" with the same third-party signatures back to the court, along with a cover page and a purported verification signed by him and notarized. The court again rejected the attempted filing in a June 28, 2011, order. The order, which directed the clerk of court to "return those documents to Charles Gregory Melick, along with a copy of this order, to the return address provided on the mailing envelope," also specifically noted that "a bench warrant was issued for his arrest on February 15, 2011."

Melick filed his currently pending motion to dismiss on July 15, 2011.

## Discussion

Melick moves to dismiss the government's action against him on a variety of grounds, including failure to state a claim, failure to join an indispensable party, lack of subject matter jurisdiction, insufficient process, and insufficient service of process. Most, if not all, of the issues he raises have been rejected by the court in prior orders. The government moves to strike Melick's motion to dismiss under the fugitive disentitlement doctrine. Melick filed an objection, which primarily repeats parts of his motion to dismiss.

The fugitive disentitlement doctrine permits courts to strike fugitives' attempts to participate in proceedings from which they have fled. See, e.g., Goya Foods, Inc. v. Unanue-Casal, 275 F.3d 124, 131 (1st Cir. 2001); United States v. Morgan, 254 F.3d 424, 425 (2nd Cir. 2001); United States v. Nabepanha, 200 F.R.D. 480, 483 (S.D. Fla. 2001). The doctrine is a discretionary one, arising out of the courts' "inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities." Barnett v. YMCA, 268 F.3d 614, 617 (8th Cir. 2001). The fugitive disentitlement doctrine may be applied in a civil action when the following three conditions are met: (1) the party must be a fugitive; (2) his fugitive status must have a connection to the civil action; and (3) the sanction employed by the district court must be necessary to effectuate the concerns underlying the fugitive disentitlement doctrine. Walsh v. Walsh, 221 F.3d 204, 215 (1st Cir. 2000).

I. Melick's Fugitive Status

A person is a fugitive when he is subject to a warrant for arrest and is intentionally avoiding arrest. See, e.g. United States v. Barnette, 129 F.3d 1179, 1184 (11th Cir. 1997). Intent to avoid arrest can be inferred from the individual's failure to

surrender to authorities once he becomes aware of the warrant. Id. The fugitive disentitlement doctrine applies to an individual fleeing an arrest warrant in a civil case. See Goya Foods Inc., 275 F.3d at 126-28.

A bench warrant for Melick's arrest has been outstanding since February 15, 2011, and Melick is aware of the warrant. Melick was served with the warrant. In addition, the court mailed two orders to Melick in June of 2011, in which it stated that Melick was subject to an outstanding bench warrant for his arrest. Melick himself referred to the court's "February 15, 2011 issuance of a Procedural Order for the arrest of C. Gregory Melick" in his motion to dismiss. Nevertheless, Melick has failed to surrender to authorities and, therefore, qualifies as a fugitive under the fugitive disentitlement doctrine. Melick's argument that he is not a fugitive because the court lacks jurisdiction over him is meritless.

## II. Connection Between Melick's Fugitive Status and This Action

An individual's fugitive status must also arise directly from the civil action in which the fugitive disentitlement doctrine is to be applied. Goya Foods, 275 F.3d at 126. Melick is a fugitive because he has refused to appear in court as ordered and continues to ignore the arrest warrant. As such,

Melick is a fugitive from the proceedings in this action, and his fugitive status is directly connected to this action.

III. Policies Underlying the Doctrine

The following factors also affect the application of the fugitive disentitlement doctrine: (1) the difficulty of enforcement against one not willing to subject himself to the court's authority, (2) the inequity of allowing the fugitive to use the resources of the courts only if the outcome is an aid to him, (3) the need to avoid prejudice to the nonfugitive party, and (4) the discouragement of flights from justice. Barnette, 129 F.3d at 1183; see also Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 280 (2d Cir. 1997).

Melick has consistently defied the court's authority in this action. He has ignored multiple orders to appear in court and continues to ignore the outstanding bench warrant. Despite his failure to comply with the court's authority with respect to his participation in this action, Melick again seeks to use the court's authority to dismiss the case, raising many of the same arguments that the court previously rejected in denying his other motions to dismiss. Because this is an IRS action, not a civil forfeiture proceeding, Melick's arguments pertaining to forfeiture proceedings are not persuasive.

In short, Melick has demonstrated that he is only willing to accede to the court's authority "if the outcome is an aid to him." Barnette, 129 F.3d at 1183. The fugitive disentitlement doctrine enables courts to protect their rulings and judgments under just such circumstances. See, e.g., Goya Foods, Inc., 275 F.3d at 129; Barnette, 129 F.3d at 1183; Nabepanha, 200 F.R.D. at 483. Therefore, the fugitive disentitlement doctrine applies in this case, and Melick's motion to dismiss is struck.

## Conclusion

For the foregoing reasons, the government's motion to strike Melick's motion to dismiss, (doc. no. 35), is granted. Melick's motion to dismiss, (doc. no. 34), is struck.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 30, 2011

cc: Gretchen Leah Witt, Esq.
C. Gregory Melick, pro se