U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2011 OCT -6 P 7:46

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States

    v.                                Civil No. 10-cv-308-JD

C. Gregory Melick

## ORDER ON PETITION FOR CIVIL CONTEMPT

The government has filed a petition for civil contempt (Doc. no. 20) alleging that C. Gregory Melick, a/k/a Charles Gregory Melick, has failed to comply with the court's August 6, 2010, order, (Doc. no. 16), requiring him to comply with the Internal Revenue Service ("IRS") summons that was the subject of the government's petition to enforce filed on May 11, 2010. (Doc. no. 1). Melick was ordered to appear at the Internal Revenue Office at 80 Daniel Street, Portsmouth, New Hampshire, on August 20, 2010, at 9:30 a.m., before Revenue Officer David Kalinowski or any other authorized Revenue Officer of the IRS, to give testimony and produce all books and records in his possession or control required and called for by the terms of the summons.[1] See Attachment A.

---

[1] The court has jurisdiction to compel a taxpayer to comply with an IRS summons under 26 U.S.C. § 7402(b) and 26 U.S.C. § 7604(a), and enforcement authority under 26 U.S.C. § 7604(b).

Background

IRS Revenue Agent Sonia J. Cryan conducted an investigation of Melick's tax liability for 2003. The IRS seeks Melick's testimony and documents within his control in connection with the investigation. On February 26, 2010, Cryan issued an IRS summons ordering C. Gregory Melick to appear at the IRS's office in Laconia, New Hampshire, on March 16, 2010, to testify and produce all documents or records in his possession or control regarding "assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest" for the period from September 1, 2009, to February 25, 2010. (Doc. no. 1, Ex. 2). Cryan served the summons on Melick on March 2, by taping it to his apartment door in a secured, confidential envelope. Melick failed to appear pursuant to the summons.

On May 11, 2010, the government filed a petition in this court to enforce the IRS summons. On May 17, this court issued an order for Melick to show cause why the petition should not be granted and scheduled a hearing for July 7, 2010, before the magistrate judge. The order gave Melick ten days to file a written response supported by affidavit and to file any motions. The order provided that the court would consider "[o]nly those issues raised by motion or brought into controversy by the

responsive pleadings and supported by affidavit . . . " and that "any uncontested allegations in the petition [would] be considered as admitted." On May 24, a deputy sheriff with the Carroll County Sheriff's Office served Melick with the May 17 show cause order by handing it to him, along with the IRS petition and exhibits, at his Tamworth, New Hampshire, home.

In response to the order, on June 2 Melick filed a motion to dismiss under Rule 12(b), alleging, <u>inter alia</u>, lack of personal and subject matter jurisdiction. He also claimed that process and service of process were inadequate because the summons bore neither the signature of the Clerk of Court nor the court seal. The government objected.

On July 6, 2010, Melick returned the show cause order, petition, and exhibits to the court. On the first page of the order, he scrawled that the order was refused for insufficient process, lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

Melick did not appear at the July 7, 2010, show cause hearing. On July 6, he filed a second motion to dismiss, again challenging the court's jurisdiction and asserting the same arguments he had made in his first motion to dismiss. The government again objected.

On July 8, 2010, the magistrate judge issued a report and recommendation addressing the IRS summons and Melick's June 2 motion to dismiss.[2]  The magistrate judge found that the government had satisfied the factors set forth in United States v. Powell, 379 U.S. 48, 57-58 (1964), and that Melick had not met his burden of showing that the summons was invalid or that enforcement would be an abuse of the court's process.  See Powell, 379 U.S. at 58.  The magistrate judge recommended that Melick be ordered to obey the summons and that his June 2 motion to dismiss be denied for the reasons set forth in the government's objection.  The magistrate judge also recommended that the government be awarded its costs.  The court mailed the report and recommendation to Melick at his home address.

On July 12, 2010, Melick filed a notice of a change of address, informing the court that his mailing address was P.O. Box 422, Chocorua, New Hampshire.  Melick stated that he might return mail addressed to the wrong party or sent to a different address.  The court resent the magistrate judge's report and recommendation to the post office box address.

---

[2]Melick's July 6 motion to dismiss was not docketed until July 9, 2010, one day after the magistrate judge's report and recommendation issued.

4

On July 22, 2010, Melick filed a second notice of change of address, stating that his correct mailing address was "Charles Gregory Melick, Sui Juris, c/o P.O. Box 422, Chocorua [03817-0422], New Hampshire, U.S.A." (Doc. no. 12). Melick again said that mail addressed to another name or to an address other than the one given would not be "received or accepted" by him. Id.[3] On July 30, the court sent Melick the report and recommendation for the third time. The court noted that Melick had returned mail sent to both his post office box and his street address and that the court had called the U.S. Post Office to confirm his address.[4]

On August 5, 2010, Melick filed a third notice of change of address, in which he provided a new mailing address, a post office box in North Conway, New Hampshire. (Doc. no. 15). The

---

[3]Also on that date, the defendant sent a letter purporting to notify the court that the government had defaulted on its claims and thus that the court had "substantial grounds to dismiss the motion and vacate the order. . . ." (Doc. no. 13). In his response on July 30, the Chief Deputy Clerk informed Melick that the court would not act upon his letter request because it was not in the form of a formal pleading, as required by the Federal Rules of Civil Procedure and local rules.

[4]Three days after the magistrate judge's report and recommendation was approved, the July 30 copy of the report and recommendation was returned to the court with the "Refused" notation checked.

court sent the report and recommendation to the North Conway address.

On August 6, 2010, the court granted the government's petition to enforce its summons and denied both of Melick's motions to dismiss. The court observed that neither party had filed a timely objection to the magistrate judge's report and recommendation, concerning Melick's June 2 motion to dismiss and the government's petition and, therefore, approved the recommended decision without further analysis. See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). The court denied Melick's July 6, 2010, motion to dismiss, holding that the court had jurisdiction to enforce the IRS summons, awarded costs to the government, and ordered Melick to appear before an authorized Revenue Officer of the IRS at the IRS's Portsmouth, New Hampshire, office on August 20, 2010, at 9:30 a.m., to give testimony and produce the books and records called for by the February 26, 2010, summons. The order directed the United States Marshal or his deputy to deliver service to Melick in hand and to file a return of service with the court. Melick was personally served on August 19, in accordance with the court's order.

Melick failed to appear at the IRS office on August 20, 2010, in response to the court's order. Three hours after his ordered appointment, Melick left a telephone message with the

Taxpayer Walk-in Service that he would need to reschedule his appointment.  On September 6, 2010, Melick wrote a letter to the IRS indicating that he had hired an "IRS Enrolled Agent Tax Preparer" to "compose a completed report of pertinent financial records for submission to the Internal Revenue Service" for the 2003 tax year.  He estimated that he would be able to provide the 2003 information within 30 days.  Revenue Officer David Kalinowski called Melick on September 13 to discuss his planned compliance with the summons.  Melick told him that he had hired an accountant to prepare a substitute tax return for 2003.  The IRS did not receive any responsive paperwork with regard to Melick's 2003 tax liability.

On November 17 and 23, 2010, Kalinowski attempted to contact Melick by telephone.  On both occasions, he received no answer and left messages on Melick's answering machine asking him to return the call.  In his November 23 message, Kalinowski indicated specifically that he was following up on Melick's promise to provide the information required by the summons, relative to his 2003 federal tax liability, and asked Melick to return his call by the close of business the next day.  Melick did not return Kalinowski's calls.

On December 16, 2010, the government filed a motion to hold Melick in civil contempt of the August 6, 2010, order and served

7

a copy of the motion and accompanying affidavit on Melick via first-class, postage-prepaid mail at his North Conway address. Melick did not object to the government's motion. On January 14, 2011, the court ordered Melick to appear for a show cause hearing on February 14, 2011. In its order, the court warned Melick that if he did not appear for the hearing, a warrant would issue for his arrest. Again, the order directed the United States Marshal to serve on Melick in hand a copy of the order and the government's petition and the accompanying exhibit and to file a return of service with the court.

Deputy United States Marshal Paul Schmieder personally served Melick on February 3, 2011, in the presence of Carroll County Sheriff Christopher Conley. Melick refused to take process when it was handed to him, so Schmieder dropped the process at Melick's feet. On the return of service filed with the court, Schmieder noted that Melick had "stated it was not a lawful service because there was no court stamp on it and [it] did not address him by his legal name." (Doc. no. 23).

On February 11, 2011, Melick mailed a 14-page "warning notice" to the district court in which he claimed that the court and judge were "imposing provisions of a contract counter to public morals." He attached a copy of the court's January 14, 2011, show cause order, which is a clear indication that he was

aware of the order.  On February 14, Sheriff Conley wrote a letter to the court in which he stated that he had witnessed the "attempted service" of the January 14, 2011, show cause order. (Doc. no. 27).  Sheriff Conley attached the show cause order and a number of affidavits to his letter, including an affidavit from Melick.

In the affidavit, Melick acknowledged that he had agreed to meet Schmieder at the Carroll County Sheriff's Office on February 3.  Melick stated that when Schmieder arrived, Melick had directed him to hand the summons to Sheriff Conley for inspection.  Melick stated that the sheriff had pointed out several "deficiencies" with the process.[5]  Melick then told Schmieder that he declined to be served.  Melick stated that he had watched Schmieder throw the process at his feet but "made no move towards [it]."

Melick failed to appear for the February 14, 2011, show cause hearing, as ordered.  The court found and ruled that the February 3 service of process constituted valid personal service of the show cause order on Melick and that he had been duly notified to appear for the February 14 hearing.  The court issued

---

[5]These purported deficiencies were that the document addressed Melick by the wrong name, did not bear a court seal or clerk's signature, and had a return date of fewer than fourteen days.

9

a bench warrant for Melick's arrest and detention and ordered that Melick be brought before a judge in this court for a show cause hearing on the government's petition for civil contempt.

Melick was arrested on October 6, 2011.

## Discussion

A. <u>Service of Process</u>

Melick claimed that the service of process of the January 14 order to show cause was insufficient because the document addressed Melick by the wrong name, did not bear a court seal or the clerk's signature, and had a return date of fewer than fourteen days. These arguments are unavailing.

1. <u>Wrong Party</u>

In his affidavit filed with Sheriff Conley's letter, Melick did not elaborate upon his claim that the process addressed him by the wrong name. The documents referred to Melick as "C. Gregory Melick." Although Melick's full name is Charles Gregory Melick, he was aware that "C. Gregory Melick" referred to him, as evidenced by the fact that he used the same name in his first motion to dismiss. (Doc. no. 4). To the extent that Melick would renew his argument, made in his first motion to dismiss, that the

10

summons showed his name typed in all capital letters and thus referred to an unknown "C. GREGORY MELICK," such an argument is frivolous.  See, e.g., Ford v. Pryor, 552 F.3d 1174, 1179 (10th Cir. 2008).

2.   Lack of Court Seal or Clerk's Signature

Melick argues that he did not receive adequate service of process because the show cause order lacked a court seal and the signature of the clerk of court.  Although a court-issued summons would have the court seal and signature of the clerk of court, see Federal Rule of Civil Procedure 4(a)(1)(F)&(G), that was neither necessary nor required for purposes of the show cause order that was issued in this case.

The Federal Rules of Civil Procedure apply to IRS summons proceedings, but the court retains the flexibility to "'limit the application of the rules in a summons proceeding . . . so long as the rights of the party summoned are protected and an adversary hearing, if requested is made available.'" United States v. Elmes, 532 F.3d 1138, 1142 (11th Cir. 2008) (quoting Donaldson v. United States, 400 U.S. 517, 528-29 (1971)); see also Fed. R. Civ. P. 81(a)(3).  Service of an IRS summons notifies the taxpayer "of the possibility that an action would later be initiated to enforce that summons." Elmes, 532 F.3d at 1144.

11

"Under these circumstances, personal service of the district court's order to show cause and the petition to enforce [is] adequate to notify the [taxpayer] of the proceedings against him, and his rights [are] protected by the availability of an adversary hearing." Id. at 1144-45.

The same circumstances that existed in the Elmes case exist in this case. Melick was served with an IRS summons and then was served with the show cause order and the petition to enforce the IRS summons. A hearing was scheduled to give him an opportunity to contest the proceeding against him. Therefore, the "court was free to modify the required procedure under Rule 81(a)(3) by directing service upon [Melick] of only the show cause order and the petition." Id. at 1145. Melick was properly served, and he chose to ignore the order of the court and to forego the opportunity for a hearing.

3. Return date

There is no requirement under the Federal Rules of Civil Procedure that a summons or show cause order be delivered at least fourteen days before the party is scheduled to appear at a show cause hearing.[6]

---

[6]Melick may be referring to the state law requirement that writs be served fourteen days before the return day to which they

4.  Method of Service

Melick appears to believe that he was not served with the show cause order because the Deputy United States Marshal Schmieder dropped it at his feet and Melick made no move to retrieve it. As the court previously stated in its February 15, 2011, procedural order, the delivery procedure constituted valid personal service of the show cause order. See, e.g., Novak v. World Bank, 703 F.2d 1305, 1314 n.14 (D.C. Cir. 1982)("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as a table or on the floor, near that person.").

B.  Civil Contempt

The government requests that Melick be held in civil contempt of court and incarcerated until such time as he complies with the court's August 6, 2010, enforcement order.

Civil contempt may be imposed to compel compliance with a court order. United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005). The moving party must prove civil contempt by clear and convincing evidence. AccuSoft Corp. v. Palo, 237 F.3d 31, 47 (1st Cir. 2001) (citations and internal quotation marks

---

are returnable. See N.H.R.S.A. 510:1. This procedural requirement does not apply in federal court.

13

omitted).[7] "In addition, contempt may only be established if the order allegedly violated is clear and unambiguous." Id. (citations and internal quotation marks omitted). "[A]ny ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." Islamic Inv. Co. of the Gulf (Bah.) Ltd. v. Harper (In re Grand Jury Investigation), 545 F.3d 21, 25 (1st Cir. 2008). The validity of the underlying order is assumed, however; the legal or factual basis of the order is not open for reconsideration in a contempt proceeding. United States v. Lawn Builders of New Eng., Inc., 856 F.2d 388, 395 (1st Cir. 1988). Where, as here, "the court's purpose is to coerce compliance, the available remedies include imprisonment of the contemnor until he purges himself of contempt by complying with the order. . . ." G.& C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 41 n. 13 (citations omitted).

Both the IRS and the court have provided Melick with full

---

[7] In many cases, civil contempt can be established without the need for an evidentiary hearing. In civil contempt proceedings, a party has a right to an evidentiary hearing only if, and to the extent that, genuine issues of material fact exist. Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77 (1st Cir. 2002); see also United States v. Winter, 70 F.3d 655, 661 (1st Cir. 1995)("Generally, a court may impose civil contempt sanctions pursuant to the minimal procedures of notice and an opportunity to be heard; the reason for this is that the civil contemnor may avoid the sanction by obeying the court's order.").

due process and an opportunity to be heard.

C.  Finding of Civil Contempt

The court, after a hearing held today, finds by clear and convincing evidence that Charles Gregory Melick has willfully refused, without just cause, to comply with the order of this court issued on August 6, 2010, requiring him to obey the IRS summons referred to hereinabove and attached hereto as "Attachment A."

Therefore, Charles Gregory Melick is found to be in civil contempt of the court's order issued on August 6, 2010.

At today's hearing Charles Gregory Melick agreed to comply with the August 6, 2010, order and produce the documents required by the February 26, 2010, IRS summons, without prejudice to raising specific issues of privilege with respect to specific documents individually.

He shall report to this courthouse (Rudman Courthouse, 55 Pleasant Street, Concord, New Hampshire, Courtroom 1, Attorney Conference Room) on October 20, 2011, at 10:00 a.m., with the documents required by the IRS summons and to produce said documents to the IRS officer.

Failure to comply with this order will result in issuance of a bench warrant for the arrest of Charles Gregory Melick to be

brought before this court to show cause why he did not appear in conformity with this order.

Failure to appear will also result in a charge of criminal contempt and issuance of an arrest warrant for Charles Gregory Melick for failure to comply with this order.

A copy of this order shall be served in hand on Melick by the United States Marshal and a return of service shall be filed with the court.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 6, 2011

Attachment

cc:   Gretchen Leah Witt, Esq.
      C. Gregory Melick, pro se
      Michael Iacopino, Esq.