UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Civil No. 10-cv-308-JD
                                     Opinion No. 2012 DNH 203

C. Gregory Melick

O R D E R

The government petitioned, under 26 U.S.C. §§ 7402(b) and 7604(a), to enforce an Internal Revenue Service ("IRS") summons against C. Gregory Melick, a/k/a Charles Gregory Melick. Melick failed to comply with the summons and then failed to comply with the court order, issued on August 6, 2010, requiring him to comply with the summons. Because Melick remained at large, despite a bench warrant for his arrest, his motion to dismiss was struck under the fugitive disentitlement doctrine.[1]

The government petitioned for a civil contempt order against Melick for his failure to comply with the August 6, 2010, order. Melick then filed a "Special Motion to Dismiss," and the government moved to strike the motion under the fugitive

---

[1]A more complete background is provided in the court's contempt order issued on October 6, 2011, document no. 44.

disentitlement doctrine. A show cause hearing was held on October 6, 2011, on the petition for civil contempt.

Melick attended the hearing, having been arrested that day on a bench warrant. The court found by clear and convincing evidence that Melick willfully refused to comply with the August 6, 2010, order without just cause and found Melick to be in civil contempt of the August 6, 2010, order. At the hearing, Melick agreed to comply with the August 6, 2010, order and agreed to produce the documents required by the IRS summons issued on February 26, 2010, without prejudice to being able to raise specific privilege issues. The court ordered Melick to report to the courthouse on October 20, 2011, to produce the documents to an IRS officer.

On October 14, 2011, Melick filed appeals challenging the order that struck his motion to dismiss and the civil contempt order. The proceedings here were then stayed pending appeal. Melick attended a meeting with an IRS officer at the courthouse on October 20, 2011, but did not produce responsive documents, asserting privilege under the Fifth Amendment.

The First Circuit Court of Appeals issued a judgment on December 13, 2012, in both of Melick's appeals. The First Circuit dismissed the appeal of the contempt order for lack of jurisdiction and affirmed the order that struck Melick's motion

to dismiss.  As the appeals have been concluded, the case may proceed.

I. <u>Motion to Strike</u>

The government moved to strike Melick's second motion to dismiss on the ground that it was barred by the fugitive disentitlement doctrine.  At that time, Melick was still at large.  Melick was arrested on October 6, 2011, however, and participated in the show cause hearing on that day.  He also attended a meeting with an IRS officer on October 20, 2011.

Based on those occurrences and the time that has passed since the motion was filed, the government has not shown that the fugitive disentitlement doctrine would apply.

II. <u>Special Motion to Dismiss</u>

Melick filed a thirty-nine page "Special Motion to Dismiss" under Federal Rule of Civil Procedure 60.  Melick states that he is making "an issuable defense and response to this Court's Orders dated variously dated [sic] 17 May 2010, August 6, 2010, January 14, 2011, February 15, 2011, and August 30, 2011, wherein there is found particular errors and mistakes arising from oversight, omission, and frauds, and other matters requiring review under pertinent Laws, Statutes, and Rules to move the

3

Court to dismiss the instant case upon the grounds herein enumerated in accordance with Rule 60 of the Federal Rules of Civil Procedure."

Rule 60(a) authorizes the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Melick's arguments challenging the court's prior orders do not raise matters covered by Rule 60(a).  Therefore, no relief is available under Rule 60(a).

Rule 60(b) pertains to final judgment.  Final judgment has not been entered in this case.  Therefore, Rule 60(b) does not apply.

To the extent Melick intended to ask for reconsideration of the prior orders, the motion was not timely filed.  LR 7.2(e). Further, Melick's arguments do not meet the standard for reconsideration of an interlocutory order.  <u>Id.</u>

Conclusion

For the foregoing reasons, the government's motion to strike (document no. 43) is denied, and the defendant's motion to dismiss (document no. 41) is also denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 18, 2012

cc: Michael J. Iacopino, Esquire
    C. Gregory Melick, pro se
    United States Attorney